UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL TEKLEMARIAN HAGOS,

    Plaintiff,

v.

LIZA PARISKY, et al.,

    Defendant.

CASE NO. 2:23-cv-00616-TL-BAT

**REPORT AND RECOMMENDATION**

Plaintiff Daniel Teklemariam Hagos, a King County Jail detainee seeks 42 U.S.C § 1983 relief against Liza Parisky, his public defender, M. Hunter Davidhizar, a King County Deputy Prosecuting Attorney, and Thomas Healy a Seattle Police Department Detective. *See* Complaint at Dkt. 6.

Under 28 U.S.C. § 1915A(a), the Court must review a complaint filed by a detainee and must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).

The Court having reviewed the complaint finds Defendants Parisky and Davidhizar are immune from suit and should be dismissed with prejudice. The Court also finds the claim against Detective Healy should be dismissed as duplicative of an earlier § 1983 complaint that was

REPORT AND RECOMMENDATION - 1

dismissed in 2022 with prejudice. The Court accordingly recommends the complaint be DISMISSED with prejudice. Because amendment of the complaint will not cure the fact Plaintiff is suing two immune defendants and bringing a duplicative claim against the third defendant, the Court also recommends leave to amend be denied as futile. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal).

## DISCUSSION

### A.   The Complaint

Plaintiff's complaint alleges in Count I "Eneffective Assistance of Cousil by Liza Parisky." Dkt. 6 at 4. In support Plaintiff claims Parisky, his public defender, met with Plaintiff at the King County Jail on April 2, 2023. At this meeting, Plaintiff avers he asked Parisky to set a bench trial; that he needed "public records" regarding his arrest; that the arrest reports do not indicate Plaintiff "spat on officer Moreno" or that he has mental health issues. *Id*. at 5. Plaintiff further contends between April 6 and April 19 2023, his public defender did not provide "court papers' or "5 case files" that he requested. *Id.* As a result, Plaintiff avers he left phone messages for his public defender's supervisor complaining his lawyer was providing ineffective assistance. *Id.*

In Count II, Plaintiff alleges "violation of due process right to a fair trial under the 6th and 14th amendments of the U.S. Constitution pursuant to 42 U.S.C. section 1983 against King County Prosecuting Attorney's Office and Detective Thomas Healey." *Id.* at 6. This claim relies upon a January 25, 2021, Seattle Police report (# 21-020757) and alleges Detective Healey's statement in a certification for probable cause violated the "14th amendment rights to illegal confinement including right to counsel at a show-up." *Id.* The complaint states Plaintiff does not

have a right to counsel at a show-up identification procedure but since he has a right to counsel upon arrest, he must have a right to counsel at a show-up. Plaintiff also alleges "due process claims based on overly suggestive identification procedures." *Id.* at 7. Plaintiff further alleges the prosecution could have "utilized the uniform act to secure the attendance of a witness from without a state." *Id.*

Plaintiff further alleges on January 25, 2021, Detective Healey fabricated probable cause regarding Seattle Police Arrest Report #21-020757; conducted a negligent investigation; violated Plaintiff's right to equal treatment; illegally confined Plaintiff; and violated the 4th amendment by conducting an illegal search and seizure. *Id.* Plaintiff also claims the police reports do not indicate Plaintiff spat on an officer or assaulted Giovani Nolasco. *Id.*

As relief, Plaintiff asks the Defendants each be sent to "Federal Prison" and that he be awarded monetary damages.

**B.   Legal Standards**

A complaint must "plead a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive dismissal, a complaint must contain sufficient factual matter that states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Additionally, a complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

1       To sustain a § 1983 civil rights claim, Plaintiff must show (1) he suffered a violation of
2 rights protected by the Constitution or created by federal statute, and (2) the violation was
3 proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487
4 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the
5 second prong, plaintiff must allege facts showing how individually named defendants caused or
6 personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d
7 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory
8 responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S.
9 658, 691–94 (1978). Rather, a plaintiff must allege a defendant's own conduct violated the
10 plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989).

11       Plaintiff's complaint suffers from several fatal deficiencies. First, Plaintiff sues Parisky,
12 his public defender, and Davidhizar, deputy prosecuting attorney. These defendants are immune
13 from suit. A public defender is not considered a state actor for their role in representing a
14 criminal defendant in judicial proceedings, and thus cannot be sued under § 1983. *See Polk*
15 *County v. Dodson*, 454 U.S. 312, 325 (1981). Here, Plaintiff sues Parisky based upon attorney-
16 client conversations he had with her about his pending criminal case. Plaintiff's allegations go
17 directly to Parisky's performance as his advocate. This is plain to see because Plaintiff claims her
18 performance is ineffective. Because Plaintiff's claim goes directly to his public defenders'
19 traditional lawyer role as his advocate, Defendant Parisky is not a state actor for the purposes of
20 this suit and cannot be sued. *See Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003)
21 (even assuming a public defender who subpoenaed no witnesses and mounted no defense
22 provided deficient representation, he was acting in the traditional lawyer role and would not be
23

REPORT AND RECOMMENDATION - 4

considered a state actor). Accordingly, the Court recommends the claims against public defender Parisky be dismissed with prejudice.

Prosecutors are entitled to absolute immunity from liability for damages under 42 U.S.C. § 1983 where the prosecutor "acts within his or her authority and in a quasi-judicial capacity." *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (citing *Imbler*, 424 U.S. at 430-31); *see also Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 674, 678 (9th Cir. 1984) ("If the prosecutor acts as an advocate 'in initiating a prosecution and in presenting the State's case,' absolute immunity is warranted.") (quoting *Imbler*, 424 U.S. at 430-31). Prosecutorial immunity applies, furthermore, "even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Ashelman*, 793 F.2d at 1075 (quoting *Campbell v. Maine*, 787 F.2d 776, 778 (1st Cir. 1986)). Here Plaintiff sues deputy prosecuting attorney Davidhizar for violating Plaintiff's rights to a fair trial and not utilizing a process to obtain out of state witnesses. These claims challenge Davidhizar's actions as the state's advocate in the criminal prosecution of Plaintiff, and the manner in which Defendant is presenting or has presented the state's case. Plaintiff's claim against Davidhizar is accordingly barred by the above immunity doctrine and the Court recommends the claim against Davidhizar be dismissed with prejudice.

Plaintiff's claim against Defendant Healey should be dismissed as duplicative of an earlier complaint that was filed in 2022. *See Goods v. Wasco State Prison*, No. 1:19-cv-01318, 2019 WL 4670217, at *1 (E.D. Cal. Sept. 25, *2019)* "Repeating the same factual allegations asserted in an earlier case, even if now filed against new defendants, is subject to dismissal as duplicative."); *see also Adams v. California Department of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007) ("Plaintiffs generally have no right to maintain two separate actions involving the

REPORT AND RECOMMENDATION - 5

same subject matter at the same time in the same court against the same defendant.").

In this case, Plaintiff alleges Officer Healey violated his rights on January 25, 2021, in connection with Seattle Police Arrest Report #21-020757, and the charges flowing from this report. Plaintiff alleges Defendant Healey arrested him, detained him, conducted a show-up identification procedure, and then submitted a certification for determination of probable cause that contains false or negligent statements. These are the same allegations Plaintiff alleged in two complaints that he filed in 2022. In the first complaint, filed on July 1, 2022, Plaintiff also alleged the Seattle Police fabricated evidence in Seattle Police Arrest Report #21-020757 and fabricated "the probable cause"; the police violated Plaintiff's right to equal treatment; the Seattle Police violated Plaintiff's 4th amendment rights by conducting an illegal search and seizure; the Seattle Police Conducted a show-up identification that violated Plaintiff's rights; and evidence the Seattle Police obtained illegally must be suppressed under the "fruit of the poisonous tree doctrine." *See* Dkts. 5 and 10 (complaint and amended complaint) in *Hagos v. Seattle Police Department et al.*, 2:22-cv-00931-LK. On October 13, 2022, the Honorable Lauren King issued an order dismissing this matter with prejudice.

In the second complaint filed on July 6, 2022, Plaintiff raised the same allegations made in the complaint filed in case number 2:22-cv-00931-LK. On August 18, 2022, this Court issued an order dismissing the complaint with prejudice on the grounds it was duplicative. *See Hagos v. Seattle Police Department, et al.,* 2:22-cv-00932-TL, at Dkt. 10.

The Court accordingly concludes Plaintiff's present § 1983 complaint is duplicative of two prior complaints that he filed and should therefore be dismissed. The Court also notes that to the extent Judge King's order of dismissal constitutes a final judgment on the merits of the action, Plaintiff is barred from relitigating issues in the present complaint that were or could have

REPORT AND RECOMMENDATION - 6

been raised in that action. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980).

If the Court's recommendation that this complaint be dismissed with prejudice is adopted, the Court also recommends the dismissal herein be counted as a "strike" under 28 U.S.C § 1915(g) because the complaint is duplicative of the complaint Plaintiff filed in *Hagos v. Seattle Police Department et al*., 2:22-cv-00931-LK, appears to be barred by the doctrine of res judicata, and also attempts to bring claims against immune defendants.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **May 12, 2023.** The Clerk should note the matter for **May 12, 2023**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 28th day of April, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7