UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL TEKLEMARIAM HAGOS,<br><br>                    Plaintiff,<br>    v.<br><br>LIZA PARISKY et al.,<br><br>                    Defendants. | CASE NO. 2:23-cv-00616-TL-BAT<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

The matter comes before the Court on the Report and Recommendation ("R & R") of the Honorable Brian A. Tsuchida, United States Magistrate Judge. Dkt. No. 6. The R & R reflects a pre-service screening of Plaintiff's complaint. 28 U.S.C. § 1915A(a) (mandating early screening and dismissal of a prisoner complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted"). Having reviewed the R & R, Plaintiff's Objections to Order and Findings and Recommendations (Dkt. No. 8), and the remaining record, the Court ADOPTS the R & R and OVERRULES the objections.

ORDER ADOPTING REPORT
AND RECOMMENDATION - 1

## I. BACKGROUND

This appears to be Plaintiff's third attempt to bring suit alleging a violation of 42 U.S.C. § 1983 arising out of the same January 2021 arrest that spawned his claims in *Hagos v. Seattle Police Dep't*, No. C22-931, 2022 WL 7408838 (W.D. Wash. Oct. 13, 2022) and *Hagos v. Seattle Police Dep't*, No. C22-932, 2022 WL 3447564 (W.D. Wash. Aug. 17, 2022). In this case, Plaintiff sues Liza Parisky (his public defender), M. Hunter Davidhizar (the prosecuting attorney), and Thomas E. Healy (the arresting officer). *See* Dkt. No. 1-1. Count I of Plaintiff's Complaint alleges ineffective assistance by Defendant Parisky while Count II alleges violation of Plaintiff's Sixth and Fourteenth Amendment rights by Defendants Davidhizar and Healy. *Id.*

Judge Tsuchida recommends the claim against Defendant Parisky be dismissed because the claim goes directly to the public defender's traditional role as a lawyer which does not qualify as a state actor for purposes of a § 1983 claim. Dkt. No. 6 at 4. With regard to Defendant Davidhizar, Judge Tsuchida recommends dismissal of that claim as prosecutors are entitled to absolute immunity from liability for damages under § 1983. *Id.* at 5. Finally, Judge Tsuchida recommends dismissal of Plaintiff's claim against Defendant Healy as duplicative of his earlier complaints. *Id.* at 5–6.

## II. LEGAL STANDARD

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with

instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2).

Plaintiff filed timely objections (Dkt. No. 8), and the Court has made a *de novo* determination of the portions of the R & R to which Plaintiff objected.

### III.   DISCUSSION

This Court liberally construes pleadings filed by *pro se* litigants and holds them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted). But a court "should not supply essential elements of the [pro se] claim that were not initially pled." *E.g., Henderson v. Anderson*, No. C19-0789, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (citation and quotation omitted); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("[C]ourts should not have to serve as advocates for pro se litigants.") (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). Also, "it is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022).

The majority of Plaintiff's objection discusses his personal situation along with a wide range of statutes and cases, many of which do not apply to the claims he brings or do not address the issues in his case. The only reference in his objection to any defendant in this case concerns Defendant Parisky releasing some of the public records he requested. Dkt. No. 8 at 13. To the extent Plaintiff's objection raises a challenge to whether there was probable cause for his 2021 arrest and might be slightly different (because he brings the case against a different defendant or presents different arguments about that arrest), the Court agrees with Judge Tsuchida that Plaintiff cannot relitigate issues in this case that were or could have been raised in his prior

1  lawsuit. Dkt. No. 6 at 6–7. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("[A] final judgment on
2  the merits of an action precludes the parties or their privies from relitigating issues that were or
3  could have been raised in that action.").

4  Construing his objection liberally, the Court finds Plaintiff does not raise any arguments
5  demonstrating any error in Judge Tsuchida's report. Nor does the Court find any errors in Judge
6  Tsuchida's recommendation.

## IV. CONCLUSION

For the reasons stated above, the Court hereby ORDERS that:

(1) The Report and Recommendation (Dkt. No. 6) is ADOPTED;

(2) Plaintiff's objections (Dkt. No. 8) are OVERRULED;

(3) The case is DISMISSED with prejudice and shall count as a strike under 28 U.S.C § 1915(g);

(4) The Clerk is DIRECTED to send copies of this Order to Plaintiff.

Dated this 22nd day of May 2023.

Tana Lin
United States District Judge

ORDER ADOPTING REPORT
AND RECOMMENDATION - 4